UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

MAURICE FRANKLIN SANDS,

    Debtor.
_____/

Case No. 6:09-bk-04243-ABB
Chapter 7

WILLIE D. YOUNG,

    Plaintiff,

v.

MAURICE FRANKLIN SANDS,

    Defendant.
_____/

Adv. Pro. No. 6:10-ap-00279-ABB

## MEMORANDUM OPINION

This matter came before the Court on the Complaint (Doc. No. 1) filed by the *pro se* Plaintiff Reverend Willie D. Young against the *pro se* Defendant/Debtor Maurice Franklin Sands requesting a Florida State Court judgment debt be deemed nondischargeable pursuant to 11 U.S.C. Section 523(a)(6). The final evidentiary hearing was held on January 26, 2011 at which Debtor and Plaintiff appeared.

Judgment is due to be entered in favor of Plaintiff pursuant to 11 U.S.C. Section 523(a)(6). The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

## FINDINGS OF FACT

The facts are in dispute. Neither party presented a coherent, credible recitation of what transpired between them. Plaintiff owned a 1986 Cadillac four-door Deville sedan with VIN 1G6CD698XG4339738 ("Vehicle") since 1986.[1] The Vehicle was inoperable in June 2008 and Plaintiff contacted Debtor, who is sometimes employed as a mechanic, to examine the Vehicle and inform Plaintiff what repairs were needed. Plaintiff testified he has a mechanic he regularly uses, but did not explain why he did not contact his regular mechanic and instead contacted Debtor.

Debtor went to Plaintiff's home on June 11, 2008 to retrieve the Vehicle and handed Plaintiff a business card indicating the Vehicle would be towed to a business address in Orlando, Florida. Debtor towed the Vehicle to his mother's home. Plaintiff at some point became aware the Vehicle was at the Debtor's mother's home and drove by periodically to check on the status of the Vehicle. Both parties assert they made numerous attempts to contact each other regarding the Vehicle via telephone and in person without success.

Debtor did not advise Plaintiff of any examination and made no repairs to the Vehicle. The Vehicle was in Debtor's possession for a month and ten days until he towed it to Landers Auto Recycling ("Landers") in Apopka, Florida on July 21, 2008.[2]

Debtor held himself out to Landers as the registered owner of the Vehicle and executed a Title Surrendered to State of Florida Affidavit ("Affidavit") in which he certified: (i) he was the legal owner of the Vehicle; and (ii) had returned the title of the

---

[1] Pl's Ex. B.
[2] Id.

2

Vehicle to the State of Florida.[3]  Debtor sold the Vehicle to Landers for $378.50.[4] Landers crushed the Vehicle.

Debtor kept the $378.50 and did not inform Plaintiff as to the Vehicle's fate. Plaintiff made inquiries and, upon discovery of the disposal of the Vehicle, reported the Vehicle stolen with the Orlando County Sheriff's Office and filed a Florida State Court civil action against Debtor.  The State Court entered a Final Judgment on January 15, 2009 against Debtor by default and in favor of Plaintiff for $10,402.85, plus costs of $320.00, with interest.[5]

The Judgment is silent as to the basis of the judgment.  Plaintiff explained the amount of $10,402.85 represents the Kelley Blue Book value of the Vehicle in June 2008.[6]  Plaintiff asserts the Vehicle was in pristine condition and only needed a new battery.  Debtor asserts the Vehicle had no value other than scrap value.  The Vehicle was not in pristine condition in June 2008.  It was operable and in less than fair condition. The value of the Vehicle in June 2008 was $1,000.00.[7]

Plaintiff did not abandon the Vehicle or transfer ownership to Debtor.  Debtor did not have authority to hold himself out as the Vehicle's owner or to dispose of the Vehicle.  He falsely represented in the Affidavit he was the Vehicle's owner and had surrendered the title.  Debtor acted deliberately and intentionally with the intent to permanently deprive Plaintiff of his Vehicle.  His actions were willful and malicious and resulted in the loss of Plaintiff's car.

---

[3] Id.
[4] Id.
[5] Pl's Ex. A.
[6] Pl's Ex. C.
[7] Id.

3

Plaintiff has established by a preponderance of the evidence Debtor committed willful and malicious injury to Plaintiff's property. The indebtedness owed by Debtor to Plaintiff of $1,000.00, representing the value of the Vehicle in June 2008, is nondischargeable.

## CONCLUSIONS OF LAW

Section 523(a)(6) of the Bankruptcy Code provides any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is nondischargeable. 11 U.S.C. § 523(a)(6). Plaintiff, to prevail in this adversary proceeding, must establish by a preponderance of the evidence Debtor: (1) deliberately and intentionally; (2) injured Plaintiff or his property; by (3) a willful and malicious act. Grogan v. Garner, 498 U.S. 279, 291 (1991); In re Nofziger, 361 B.R. 236, 242 (Bankr. M.D. Fla. 2006). Plaintiff must establish the injury was intentional—Debtor intended the consequences of his act. Kawaauhau v. Geiger, 523 U.S. 57, 61-62 (1998). "The established law is clear that a debtor must commit some type of intentional tort directed against the claimant or his property in order for a court to find that the resulting damages are nondischargeable." In re Nofziger, 361 B.R. at 243.

Willful and malicious injury can include an act of conversion, defined by Florida law as "an unauthorized act which deprives another of his property permanently or for an indefinite time." Wolfson v. Equine Capital Corp. (In re Wolfson), 56 F.3d 52, 54 (11th Cir. 1995); Fogade v. ENB Revocable Trust, 263 F.3d 1274, 1291 (11th Cir. 2001).

Plaintiff did not abandon the Vehicle or transfer ownership to Debtor.[8] He was expecting Debtor to examine the Vehicle and call him with a repair estimate. Debtor,

---

[8] Even if the Vehicle had been abandoned by Plaintiff and Debtor held a lien claim for performing labor or services, Debtor's disposal of the Vehicle was prohibited by Florida statutory law. FLA. STAT. § 713.585.

without authority, transferred the Vehicle to Landers and executed and presented to Landers a false Affidavit. Debtor acted deliberately and intentionally with the intent to deprive Plaintiff of his Vehicle. His actions were willful and malicious and resulted in the loss of Plaintiff's car.

The indebtedness of $1,000.00, representing the value of Plaintiff's car in June 2008, is nondischargeable pursuant to 11 U.S.C. Section 523(a)(6). Judgment is due to be entered in favor of Plaintiff and against Debtor.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the indebtedness of $1,000.00 owed to Plaintiff by Debtor is **NONDISCHARGEABLE** pursuant to 11 U.S.C. Section 523(a)(6).

A separate Judgment consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 8TH day of February, 2011.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge